UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MERLINDA NOEL,

        Plaintiff,
v.

ROSAEN SUNOCO LLC D/B/A MARATHON
FOOD CENTER STP,
ASHRAF M. HMIDAN,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, MERLINDA NOEL, brings this action against Defendants, ROSAEN SUNOCO LLC D/B/A MARATHON FOOD CENTER STP and ASHRAF M. HMIDAN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MERLINDA NOEL was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, ROSAEN SUNOCO LLC D/B/A MARATHON FOOD CENTER STP, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of retail gas station operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein,

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, ASHRAF M. HMIDAN, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ROSAEN SUNOCO LLC D/B/A MARATHON FOOD CENTER STP, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of ROSAEN SUNOCO LLC D/B/A MARATHON FOOD CENTER STP. Accordingly, ASHRAF M. HMIDAN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant ROSAEN SUNOCO LLC D/B/A MARATHON FOOD CENTER STP and the Florida company Noor Petrol LLC d/b/a Pompano Valero are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

8. Plaintiff MERLINDA NOEL worked for Defendants as a cashier and laborer.

9. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

10. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

11. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:   (786) 358-6071
    Email: ekoz@kozlawfirm.com

    */s/ Elliot A. Kozolchyk*
    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791